**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-04692-NYW

VIKRAM VIKRAM,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
DAVID J. VENTURELLA, in his official capacity
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

Before the Court is the Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) ("Petition"). [Doc. 1]. Respondents filed a consolidated Response, stating that they "are not submitting a brief in opposition to the Petition." [Doc. 5 at 1]. Petitioner has not filed a reply. For the following reasons, the Petition is respectfully **GRANTED in part**.

## DISCUSSION

Petitioner Vikram Vikram ("Petitioner" or "Mr. Vikram") is a noncitizen who entered the United States on or about September 23, 2023. [Doc. 1 at ¶ 4]. Upon entry, he was apprehended by Customs and Border Protection and then released the following day "on his own recognizance." [*Id.* at ¶ 5]. For the next nearly 3 years, Mr. Vikram has "remained at liberty . . . , complied with his release requirements, and incurred no criminal record." [*Id.*]. On September 2, 2026, Respondents arrested Mr. Vikram "without any material

change in circumstance and without a pre-deprivation hearing." [*Id.*]. He was then transferred to the Denver Contract Detention Facility in this District, where he remains detained. [*Id.* at ¶¶ 5, 7]. Mr. Vikram also alleges that he has not received a bond hearing during his time in custody, because "Respondents . . . claim that Petitioner is lawfully detained under § 1225(b) and ineligible for a bond hearing . . . ." *See* [*id.* at ¶¶ 6, 8]. Mr. Vikram argues that he is not lawfully detained under 8 U.S.C. § 1225(b), but rather 8 U.S.C. § 1226(a). [*Id.* at ¶ 97]. He asserts three claims relating to his detention: (1) violation of his substantive due process rights under the Fifth Amendment; (2) violation of his procedural due process rights under the Fifth Amendment; and (3) violation of the Immigration & Nationality Act ("INA"). [*Id.* at ¶¶ 85–98]. Among other things, Petitioner seeks immediate release from custody. [*Id.* at 21].

Respondents concede that they "are not submitting a brief in opposition to the Petition," so any arguments opposing Petitioner's allegations are waived. *See Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by expressly declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims."). In addition, there is no evidence in the record that Mr. Vikram is subject to a final order of removal.

As previously explained in detail by the Court, 8 U.S.C. § 1226(a) applies to noncitizens like Petitioner who have resided in the United States for years and were detained within the United States. *See, e.g.*, *Buckle v. Baltazar*, 26-cv-04647-NYW, 2026 WL 2948770, at *2 (D. Colo. Oct. 1, 2026) (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026)). And it is well-established that a noncitizen subject to

§ 1226(a) is eligible for bond. *Santillan Quiroz*, 180 F.4th at 1237. Because Mr. Vikram has not received a bond hearing, his detention violates the INA, § 1226(a), and his Fifth Amendment due process rights. *See, e.g.*, *Buckle*, 2026 WL 2948770 at *2 (collecting cases).

The Petition is therefore **GRANTED** as to Mr. Vikram's third claim that his detention violates the INA. As for the appropriate relief, Mr. Vikram requests release, [Doc. 1 at 21], and Respondents agree that "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents . . . release Petitioner from detention," [Doc. 5 at 2]. Accordingly, the Court **ORDERS** that Respondents **SHALL RELEASE** Petitioner, subject to any previous conditions of release, **within 48 hours** of the entry of this Order. On or before **November 4, 2026**, the Parties shall file a joint status report confirming compliance with this Order and informing the Court whether further proceedings are required. Because the Court has granted Mr. Vikram's requested relief, the Court need not address his other claims.[1]

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) [Doc. 1] is **GRANTED in part** as set forth herein;

---

[1] To the extent Petitioner asks the Court to award him attorney's fees and litigation expenses under the Equal Access to Justice Act, [Doc. 1 at 21], this District's Local Rules require that a request for attorney's fees be made by separate motion. *See* D.C.COLO.LCivR 54.3. Additionally, the Court finds that the need for injunctive relief, *see* [Doc. 1 at 21], is not "clearly established" at this time, *see Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *6 (D. Colo. Feb. 24, 2026) (quotation omitted); *Ba*, 2026 WL 2654063, at *2 n.1, and this request is therefore denied.

(2) Respondents are **ORDERED** to release Petitioner, subject to any previous conditions of release, **within 48 hours**; and

(3) No later than **November 4, 2026**, the Parties **SHALL FILE** a joint status report confirming Petitioner's release and informing the Court whether further proceedings are required.

DATED: October 28, 2026

BY THE COURT:



Nina Y. Wang
United States District Judge